Eastern District of Kentucky
FILED
NOV 07 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 17-458-HRW

JULIE PATTERSON,                                                                                   PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in July 2012, alleging disability beginning on November 21, 2004, due to mental impairments as well as physical injuries sustained in a work-related injury in 2004 (Tr. 457). This application was denied initially, on reconsideration and by an Administrative Law Judge. However, the Appeal's Council granted Plaintiff's request for a review and remanded the matter to Administrative Law Judge Bonnie Kittinger ("ALJ") for further consideration. The ALJ convened a video hearing wherein Plaintiff, accompanied by counsel, testified. At the hearing, Linda Taber, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 30 years on her alleged onset of disability. She attended three years of college (Tr. 458). Her past relevant work experience consists of work as a registered nurse (Tr. 457).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 20).

The ALJ then determined, at Step 2, that Plaintiff suffers from disorders of the spine, disorders of the joints including a right shoulder injury resulting in a winged scapula, which he found to be "severe" within the meaning of the Regulations (Tr. 20-21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered Listing 1.04 (Tr.

2

22).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 30) but determined that she has the residual functional capacity ("RFC") to perform light work with the following limitations:

> lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for about six hours and sit for about six hours in an eight-hour workday; occasionally push or pull with her dominant right upper extremity; occasionally crawl and frequently stoop, kneel, and crouch, but never climb ladders, ropes, or scaffolds; frequently reach overhead with her left upper extremity and occasionally reach overhead, laterally, and in front with her right upper extremity ; frequently handle and finger objects with her right upper extremity; and avoid even moderate exposure to vibration, the use of moving machinery, and unprotected heights.

(Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a

reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14 and 16] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff argues that the RFC is not based upon substantial evidence. Specifically, she maintains that the ALJ improperly concluded that she retained the ability to use her right hand to flift and carry 20 pounds occasionally and 10 pounds frequently; frequently reach overhead with her left upper extremity and occasionally reach overhead, laterally, and in front with her right upper

4

extremity; and frequently handle and finger objects with her right upper extremity.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927©. Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

In the decision, the ALJ states that she relied upon the following medical evidence in fashioning the RFC. First, the largely unremarkable findings on diagnostic imaging and testing (x-rays, MRIs, EMGs/nerve conduction studies)—other than some evidence of a rotator cuff tear in 2005—with multiple doctors concluding that they failed to account for Plaintiff's continued physical complaints (Tr. 25-27, 29; *see* Tr. 529-31, 565, 578, 582, 593-99, 602, 614-15, 661, 665-66). Also, the opinions of two state agency physicians, both of whom indicated that Plaintiff

5

retained abilities consistent with a range of light work, including the ability to occasionally reach in all directions with her right arm (Tr. 30; *see* Tr. 120-22, 152-55). Additionally, multiple physical examinations in which Plaintiff was noted to have good bilateral grip strength and grossly normal neurological functioning in her upper extremities (Tr. 25-27; *see* Tr. 514, 527-28, 568, 605; *see also* Tr. 562, 576, 579-80, 632-33). Finally, scant evidence of complaints of, or treatment for, shoulder pain in Plaintiff's more recent primary care records (Tr. 28-29; *see* Tr. 751-63, 780-88, 795-809, 820-37). This is substantial evidence in support of the ALJ's RFC.

Moreover, the ALJ pointed to evidence in the record of Plaintiff's exaggeration of her symptoms. At least three physicians, including her primary care physician, noted symptom magnification and malingering (Tr. 560, 532, 519-529). Given this pall cast upon her credibility, the ALJ reasonable gave little weight to opinions based upon Plaintiff's subjective complaints.

Plaintiff finally argues that the ALJ "ignored" the evidence which supports her claim of further restrictions in the RFC. A review of the hearing decision, however, establishes that the ALJ throughly reviewed the record and weighed the evidence according to the Regulations. There is no indication that the ALJ cherry-picked the record. Rather, the ALJ incorporated only those limitations which he or she finds to be credible. *See Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

"The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).

> In conducting a review, we will not try the case de novo, resolve conflicts in evidence, or decide question of credibility. Instead, we consider the ALJ's

6

decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion. The substantial evidence standard is less exacting than the preponderance of the evidence standard. If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.

*Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citations and internal quotation marks omitted).

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court is not permitted to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___ day of November, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge